# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | | |
|---|---|---|
| AEGIS SCIENCES CORPORATION, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No.: 3:11-cv-00294 |
| | ) | JURY DEMAND |
| | ) | |
| MILLENNIUM LABORATORIES, INC., | ) | Judge Kevin H. Sharp |
| | ) | Magistrate Judge E. Clifton Knowles |
| Defendant. | ) | |

## STIPULATION OF CONFIDENTIALITY AND        PROTECTIVE ORDER

WHEREAS, Aegis Sciences Corporation and Millennium Laboratories, Inc.(hereinafter "Parties"), and Third Parties may, during the course of this action, be required to disclose trade secrets and other confidential research, development, marketing, or proprietary commercial information within the meaning of Rule 26(c) of the Federal Rules of Civil Procedure;

WHEREAS, the Parties have stipulated that certain discovery material be treated as confidential and/or protected health information and that certain provisions of Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(c) be incorporated into an Order;

WHEREAS, the Parties, through counsel, have moved for entry of this Protective Order pursuant to Rule 26(c) of the Federal Rules of Civil Procedure to prevent unnecessary disclosure or dissemination of such trade secrets, or confidential or proprietary information;

Accordingly, it is this ___ day of _____, 2011, by the United States District Court for the Middle District of Tennessee, ORDERED:

1

1.      Definitions: The following definitions shall apply to this Stipulation of Confidentiality and [Proposed] Protective Order ("Order"):

   a.      Any Party or Third Party disclosing information (hereinafter "Producing Party") may designate information or documents produced, used, or disclosed in this action as "Protected Information."

   b.      "Protected Information" means any document or information supplied in any form designated by a Producing Party, as defined herein, as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION" in one or more of the ways provided in Paragraphs 3 to 6.

   c.      All Protected Information may be designated (and marked accordingly) as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION."

   d.      Information designated as "CONFIDENTIAL" is information that is not in the public domain and contains employee information, financial data and information, research or development information, or any other information that may reasonably be characterized by a party as intellectual property, a trade secret, or confidential or proprietary information, including customer lists, rates structures, price lists, pricing data, financial and budgeting information, market studies, business plans and strategies, computer software and programs, data technologies, systems, structures, and architectures, and sales and marketing materials. For purposes of this Order, "trade secret" shall mean any formula, compilation, program, plan, device, design, method, technique, process or other information used in the Producing Party's business that derives economic value, actual or potential, from not being generally known to

competitors and potential competitors, and for which confidentiality has been reasonably maintained. "Proprietary" information shall mean any information in which a party has a protectable interest, including, without limitation, information regarding a party's finances, processes, products, services, research and development, sales and marketing, strategies, and technologies.

      e.     Information designated as "HIGHLY CONFIDENTIAL" shall consist of "CONFIDENTIAL" information, as defined in paragraph 2(d), that the Producing Party reasonably believes in good faith to be of a particularly sensitive nature such that disclosure to in-house representatives would likely have the potential for causing competitive harm or giving a competitive advantage to others.

      f.     "CONFIDENTIAL HEALTH INFORMATION" shall mean information supplied in any form, or any portion thereof, that identifies a patient in any manner or for which there is a reasonable basis to believe could be used to identify the individual and relates to the past, present, or future physical or mental health or condition of such individual, the provision of health care, services or supplies to such individual, or the past, present, or future payment for the provision of health care to such individual. "CONFIDENTIAL HEALTH INFORMATION" includes, but is not limited to, the following information when it identifies an individual: medical bills, claim forms, claims data, grievances or appeals, charge sheets, medical records, medical charts, test results, notes, dictation, invoices, itemized billing statements, remittance advice forms, explanations of benefits, checks, notices, and requests, as well as any summaries or compilations of the information contained in these documents, to the extent that such summaries or compilations themselves include "CONFIDENTIAL HEALTH INFORMATION." "CONFIDENTIAL HEALTH INFORMATION" is intended to encompass any patient health

information protected by any state or federal law, including, but not limited to, "protected health information" as such term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R. part 160.103, promulgated pursuant to HIPAA, which includes patient health information that the Producing Party knows could be used alone or in combination with other information to identify an individual who is subject of the information, plus the following patient identifiers:

i.     names;

ii.    all geographic subdivisions smaller than a State, including street address, city, county, precinct, and zip code;

iii.   all elements of dates (except year) for dates directly related to an individual, including birth date, admission date, discharge date, age, and date of death;

iv.    telephone numbers;

v.     fax numbers;

vi.    electronic mail addresses;

vii.   social security numbers;

viii.  medical record numbers;

ix.    health plan beneficiary numbers;

x.     account numbers;

xi.    certificate/license numbers;

xii.   vehicle identifiers and serial numbers, including license plate numbers;

xiii.  device identifiers and serial numbers;

xiv.   web universal resource locators ("URLs");

xv.    internet protocol ("IP") address numbers;

xvi.   biometric identifiers, including finger and voice prints;

xvii.  full face photographic images and any comparable images;

xviii. any other unique identifying number, characteristic, or code; and any other information

"CONFIDENTIAL HEALTH INFORMATION" does not include any document or information in which the Producing Party has redacted the identifiers listed above and taken other suitable

precautions in order to protect the privacy of patients.  A Producing Party may perform such redactions before producing documents that originally contained "CONFIDENTIAL HEALTH INFORMATION" so long as the redactions do not result in prejudice to another Party.

  g.  "Covered Entity" shall have the meaning as such term is defined by the Standards for Privacy of Individually Identifiable Health Information, 45 C.F.R., part 160.103, promulgated pursuant to HIPAA.

  h.  "Document" shall have the same full meaning as defined by Rule 34(a)(1)(A) of the Federal Rules of Civil Procedure.

  i.  "Legend" as used herein shall mean a stamp or similar insignia stating "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," "CONFIDENTIAL HEALTH INFORMATION," or other appropriate term or terms connoting the confidentiality of the document.  When any document is designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION" pursuant to this Order, the Legend shall be clearly marked and affixed to the cover of such document and to any page therein containing Protected Information.

  j.  "Receiving Party" shall mean any Party that receives documents, information, or other materials from a Producing Party in this litigation.

  k.  "Third Party" shall mean any individual, corporation, association, or other natural person or entity who or that is not one of the Parties.

2.  <u>Scope Of Application Of Order:</u> This Order shall govern the production, use, and disclosure of Protected Information and materials generated or produced in response to any discovery, including but not limited to documents, things, responses to requests for documents and things, interrogatory answers, deposition testimony, answers to requests for admissions,

expert reports, and responses to other discovery demands, as well as any copies, notes, abstracts, or summaries of such information.  In addition, this Order shall govern all "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION" material produced by a Covered Entity in response to any discovery conducted by any Party to this litigation pursuant to the Federal Rules of Civil Procedure, the Local Rules of the United States District Court for the Middle District of Tennessee, and 45 C.F.R. part 164.512(e).

3.    Designation As Protected Information: All documents, material, or information in this litigation that are designated "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION" may be used only for purposes of prosecuting, defending, or settling this litigation.  A Producing Party shall designate any document, material or information, or portion thereof that contains Protected Information as either "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION" pursuant to this Order by affixing the appropriate Legend to any document, material or other thing that the Producing Party reasonably and in good faith believes constitutes Protected Information.

4.    Production for Inspection Purposes Only:  If a Producing Party intends to produce documents for inspection only, the Parties shall meet and confer on whether production by inspection is appropriate and on the procedures for designating Protected Information.

5.    Designation Of Deposition Transcripts And Exhibits As Protected Information:  At the time of deposition or within ten (10) days after receiving a deposition transcript, any Party or Third Party may designate portions of the transcript, exhibits, or videotape, as being "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION."  At any deposition conducted in this litigation, counsel shall attempt in good

6

faith preliminarily to identify and designate Protected Information in testimony and exhibits without prejudice to their right to designate other testimony or exhibits or to withdraw such designations after receipt of the deposition transcript. In the event documents or things designated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION" are to be disclosed in a deposition, any Party or Third Party shall have the right to exclude from attendance at the deposition any person who is not entitled to receive such information or things pursuant to this Order. Until expiration of the ten (10) day period, the entire deposition transcript, exhibits and videotape, shall be treated as "HIGHLY CONFIDENTIAL" under the provisions of this Order. If the Parties or Third Parties fail to timely designate any testimony from a deposition as containing Protected Information, none of the deposition testimony shall be treated as Protected Information.

6.    Designation Of Documents Produced By Third Parties:  Any Party may designate as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION" any document or thing that is produced or disclosed without such designation by any Third Party within ten (10) days of the production of such document, or such other time as may be agreed upon by the Parties, provided that the Third Party has an obligation to the designating Party to maintain the confidentiality of the information, and further provided that any such document contains such information of a designating Party. Until expiration of the ten (10) day period, any document or thing that is produced or disclosed shall be treated as "HIGHLY CONFIDENTIAL" under the provisions of this Order. If the Parties or Third Parties fail to timely designate any document or thing as containing Protected Information, none of the documents or things shall be treated as Protected Information. Designation shall be made in the following manner:

a.      Parties to this litigation may designate such document by sending written notice of such designation, accompanied by copies of the designated document bearing the appropriate Legend, to all other Parties in possession or custody of such previously undesignated document or by reference to a Bates number of the document. Within thirty (30) days of receipt of such notice, or such other time as may be agreed upon by the Parties, any Parties receiving such notice and copy of the designated document pursuant to this subparagraph shall return to the designating Party all undesignated copies of such document in their custody or possession, or alternately shall affix the appropriate Legend to all copies of such designated document in their custody or possession.

b.      Upon notice of designation pursuant to this Paragraph, the Parties also shall: (i) make no further disclosure of such designated document or information contained therein, except as allowed under this Order; (ii) take reasonable steps to notify any persons who were provided copies of such designated document of the terms of this Order; and (iii) take reasonable steps to reclaim any such designated document in the possession of any person not permitted access to such information under the terms of this Order. No Party shall be deemed to have violated this Order if, prior to notification of any subsequent designation, such information has been disclosed or used in a manner inconsistent with the subsequent designation.

c.      The Parties shall serve a copy of this Order simultaneously with any discovery request made to a Third Party.

7.      <u>Inadvertent Failure To Designate Information As Protected Information:</u>   Inadvertent failure to designate information as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION" at the time of disclosure may be remedied by supplemental written notice given by the Producing Party.  Except as provided in Paragraph 8,

once such a designation has been made, however, the relevant documents or materials shall be treated as "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION" in accordance with this Order as if they had been initially so designated, provided, however, that if the discovery material that was inadvertently not designated is, at the time of the later designation, filed with the Court on the public record, the Producing Party that failed to make the designation shall move for appropriate relief.  The Parties shall make a reasonable good-faith effort to insure that any analyses, memoranda, or other documents that were generated based upon such newly designated confidential information are immediately treated as containing "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION," as appropriate.

8.     Objections To Confidentiality Designations:  A party is not obligated to challenge a Producing Party's designation of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION" at the time such a designation is made, and any failure to do so will not waive that party's right to request, at a later time, that the Court determine whether the information satisfies the definitions of "CONFIDENTIAL," "HIGHLY CONFIDENTIAL" or "CONFIDENTIAL HEALTH INFORMATION," or whether the information satisfies the applicable rules with respect to Protected Information. If any Party in this litigation objects to a confidentiality designation or otherwise desires to have a confidentiality designation removed, counsel for such Party (the "Challenging Party") shall: (i) notify the Producing Party in writing; (ii) state the Bates numbers of the documents at issue (or, where appropriate, by reasonably defining the categories of documents or information challenged); (iii) include a statement of the basis for each objection; and (iv) promptly meet and confer in good faith with the Producing Party to attempt to resolve the dispute.  If the Producing

Party and Challenging Party cannot reach an agreement, then either of them may move the Court for a determination as to whether the designation is appropriate. Any such motion shall comply with the Local Rules of the United States District Court for the Middle District of Tennessee. The designated document shall maintain its original "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION" status pending a determination by the Court of the motion.

9.    Disclosure of "CONFIDENTIAL" Information:  Protected Information marked, labeled, or otherwise designated as "CONFIDENTIAL" shall be deemed and treated as "CONFIDENTIAL," unless and until (i) the Court rules to the contrary, or (ii) the Producing Party withdraws such designation by written notice. "CONFIDENTIAL" information Receiving Party receives from the Producing Party shall be used solely in connection with the action and shall not be used in any other manner by Receiving Party. Except as otherwise provided in this Order, "CONFIDENTIAL" information may only be disclosed to, or examined by, the following persons:

a.    no more than five (5) designated employees, which may include in-house counsel, of each Party, as agreed upon by counsel, solely for purposes of the action ("Designated Employees");

b.    the Producing Party, including its current employees, and any indicated author or recipient of the material;

c.    the Parties' respective outside counsel, and employees of the Parties' outside counsel who are acting under the direction and control of such counsel and who are necessary to assist such counsel in this litigation;

d.    clerical personnel, litigation personnel, and vendors who are acting under the

direction of the Parties' counsel and who are necessary to assist such counsel in this litigation;

    e.    experts retained in connection with this litigation by the Parties' counsel, but only for the purposes of prosecuting, defending, or settling this litigation;

    f.    persons testifying in depositions or court proceedings (including, without limitation, persons preparing to testify in such depositions or court proceedings) to the extent the "CONFIDENTIAL" information or document was authored by, addressed to, or received by the person or Party testifying;

    g.    stenographers or court reporters, but only to the extent necessary to prepare records of sworn testimony in this litigation;

    h.    magistrate judges, judges, clerks, or other members or employees of any court of competent jurisdiction over proceedings in or related to this litigation; and

    i.    any other person agreed to in writing by the Producing Party or by further order of the Court.

10.    <u>Disclosure of "HIGHLY CONFIDENTIAL" Information:</u>  Protected Information marked, labeled, or otherwise designated as "HIGHLY CONFIDENTIAL" shall be deemed and treated as "HIGHLY CONFIDENTIAL," unless and until (i) the Court rules to the contrary, or (ii) the Producing Party withdraws such designation by written notice. "HIGHLY CONFIDENTIAL" information Receiving Party receives from the Producing Party shall be used solely in connection with the action and shall not be used in any other manner by Receiving Party. Except as otherwise provided in this Order, "HIGHLY CONFIDENTIAL" information may only be disclosed to, or examined by those persons described in subparagraphs (b) – (i) of Paragraph 9, subject to the requirements set forth in Paragraph 13.

11.    <u>Disclosure of "CONFIDENTIAL HEALTH INFORMATION":</u>  Protected Information

marked, labeled, or otherwise designated as "CONFIDENTIAL HEALTH INFORMATION" shall be deemed and treated as "CONFIDENTIAL HEALTH INFORMATION," unless and until (i) the Court rules to the contrary, or (ii) the Producing Party withdraws such designation by written notice. "CONFIDENTIAL HEALTH INFORMATION" Receiving Party receives from the Producing Party shall be used solely in connection with the action and shall not be used in any other manner by Receiving Party. Except as otherwise provided in this Order, "CONFIDENTIAL HEALTH INFORMATION" may be disclosed to, or examined by those persons described in subparagraphs (a) – (i) of Paragraph 9; *provided that*, the Producing Party may take other suitable precautions in order to protect the privacy of patients. All documents produced by a Producing Party that contain "CONFIDENTIAL HEALTH INFORMATION" shall not be used by any Party to this litigation for any purpose other than in connection with this litigation.

12.    <u>Copies:</u>    All copies of any documents containing "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION" material shall constitute and be treated as such as provided in this Order. Any person making, or causing to be made, copies of any documents containing "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION" material shall make certain that each such copy bears the appropriate Legend pursuant to the requirements of this Order. Nothing herein shall preclude any arrangement among the Parties by which documents or other materials may be copied by the Producing Party.

13.    <u>Acknowledgement And Written Assurance:</u>    For each person who is permitted to see Protected Information, counsel first shall inform such person that pursuant to this Order the material to be disclosed may only be used for the purposes of prosecuting, defending, or settling

this litigation and must be kept confidential. Each person who is permitted to see Protected Information shall be shown a copy of this Order and shall sign the Acknowledgement and Written Assurance form, annexed hereto as **Exhibit A**. Prior to disclosure of any Protected Information, a copy of Exhibit A must be provided to the Producing Party. If the Producing Party does not object within five business days, the non-Producing Party may thereafter disclose the Protected Information to the person(s) who executed Exhibit A. If the Producing Party does object, the Parties agree to meet and confer within three (3) days to resolve the issue. If no resolution is reached between the Parties, the Producing Party shall promptly bring the matter to the Court's attention. No Protected Information shall be disclosed until resolution of this matter by the Court. Notwithstanding the foregoing, no such signed Acknowledgment and Written Assurance shall be required of the following persons:

(i) the Court and Court personnel;

(ii) any employee of the Producing Party who is identified as a recipient or copyee on a document containing Protected Information;

(iii) outside counsel for the Parties, including any clerical personnel, litigation personnel, and vendors who are acting under the direction of the Parties' outside counsel, and who are necessary to assist such counsel in this litigation; or

(iv) persons testifying in depositions or court proceedings (including, without limitation, persons preparing to testify in such depositions or court proceedings) to the extent the "CONFIDENTIAL" information or document was authored by, addressed to, or received by the person or Party testifying.

As to any entity described in Paragraph 9(d) or Paragraph 9(e) included in the list of persons who must sign an Acknowledgement and Written Assurance form, an owner or manager

13

of such entity may sign an Acknowledgement and Written Assurance on behalf of the entity as well as the entity's employees. These signed forms shall be maintained by counsel for the Party or Parties who disclosed the Protected Information to such persons. Copies of the signed forms shall be produced to the Court for in camera inspection if a Party requests any such inspection and demonstrates good cause in support of any such request. Nothing in this paragraph is intended to modify the application of Federal Rule of Civil Procedure 26(b)(4)(B) in this litigation.

14.   Use Of Information Produced In This Litigation In Other Actions: Any documents or other information produced by any Party or Third Party in this litigation shall be used solely for the purpose of this litigation and for no other purpose.

15.   Notwithstanding any other provision of this Order:

a.   Nothing in this Order shall limit the ability of any Party or Third Party to disclose to any person Protected Information designated by it; and

b.   A Party's use for any purpose of its own documents and information it produces or discloses in this litigation shall not be considered a violation of this Order.

16.   Subpoena Or Other Third-Party Request For Confidential Information Produced In This Litigation: If, at any time, any person, other than the Producing Party who originally produced Protected Information, in the possession, custody, or control of any Protected Information, receives a subpoena or other compulsory process by any court, administrative agency, legislative body, or other person or entity commanding production of such materials, the person to whom the subpoena or request is directed shall, except where prohibited by law, reasonably provide written notice to the Producing Party. The Producing Party then shall have the burden of defending against or objecting to such request to the extent it seeks "CONFIDENTIAL,"

14

"HIGHLY CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION" material. The person to whom the subpoena or request is directed shall not take any position concerning the propriety of such subpoena or request, or the discoverability of the information sought thereby. Unless otherwise ordered by a Court or required by a government subpoena, the person to whom the subpoena or request is directed shall comply with the request only if: (i) the Producing Party does not timely seek an order modifying or quashing the request for "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION" material; or (ii) the Producing Party is unsuccessful in seeking an order modifying or quashing the request for "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION" material. Other than the obligation to comply with the requirements stated herein, this Order does not affect a Party's obligation to respond to such a subpoena or request. Further, with regard to "CONFIDENTIAL HEALTH INFORMATION," this Order does not affect a Party's obligation to comply with requirements for use of protected health information pursuant to HIPAA, and regulations promulgated pursuant thereto, when responding to such a subpoena or request.

17.     Notwithstanding any other provision of this Order, the Parties shall confer and attempt to agree before any Court trial or hearing on the procedures to be included in a protective order pursuant to which "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION" material may be used or introduced into evidence at such trial or hearing. Upon reaching agreement, the Parties shall give notice of the terms of such agreement to each Third Party producing Protected Information which may be used or introduced at such trial or hearing. Because it would affect the public availability of material used at a trial or hearing, any such agreement will be effective only upon Court approval. Absent agreement

among the Parties, any Party upon reasonable notice to all Third Parties producing Protected Information which may be used or introduced at such trial or hearing may move the Court to issue an order governing the use of Protected Information at a trial or hearing.

18.   <u>Filing of Protected Information Under Seal:</u> All parties shall make reasonable efforts to avoid requesting the filing of Protected Information under seal by, for example, redacting or otherwise excluding from a submission to the Court any Protected Information not directly pertinent to the submission.   Where not reasonably possible, any Party wishing to file a document or paper containing "CONFIDENTIAL," "HIGHLY CONFIDENTIAL," or "CONFIDENTIAL HEALTH INFORMATION" material may request that material be filed under seal by motion, consistent with Local Rules of the United States District Court for the Middle District of Tennessee, *and consistent with the procedures set forth in Procter & Gamble Co. v Bankers Trust Co., 78 F3d 219 (6th Cir. 1996) and* JLK

19.   <u>Inadvertent Production:</u>   Inadvertent production of information that a Producing Party later claims should not have been produced because of a privilege, including, but not limited to, the attorney-client privilege or work product doctrine ("Inadvertently Produced Privileged Information"), shall not constitute a waiver of, or estoppel as to, any claim of privilege, attorney work-product, or other ground for withholding production as to which the Producing Party would be entitled.   Upon discovery by a Producing Party (or upon receipt of notice from a Receiving Party) that he/she/it may have produced Inadvertently Produced Privileged Information, the Producing Party shall, within ten (10) days of such discovery, request the return of such information in writing by identifying the Inadvertently Produced Privileged Information and stating the basis for withholding such information from production. After being notified, any Receiving Party must return, sequester, or destroy the Inadvertently Produced Privileged Information and any copies he/she/it has, and must not use or disclose the information until the

*→ Brown & Williamson Tobacco. Corp v. FTC, 710 F2d 1165 (6th Cir. 1983).*   16

claim is resolved.  If a Receiving Party disputes the inadvertent production and/or privilege claim, the Receiving Party shall notify the Producing Party of the dispute and the basis therefore in writing within ten (10) days of receipt of the request for the return of the Inadvertently Produced Privileged Information.  The Producing Party and Receiving Party thereafter shall meet and confer in good faith regarding the disputed claim within ten (10) days.  In the event that the Producing Party and Receiving Party do not resolve their dispute, either of them may bring a motion for a determination of whether a privilege applies.  The Producing Party must preserve the information until the claim is resolved.

20.    Nothing contained in this Order shall affect the rights of the Parties or Third Parties to object to discovery on grounds other than those related to the confidentiality of documents or information, nor shall it relieve a Party or Third Party of its obligation to properly respond or object to discovery requests, nor shall it preclude any Party or Third Party from seeking further relief or protective orders from the Court as may be appropriate under the Federal Rules of Civil Procedure or the Local Rules of the United States District Court for the Middle District of Tennessee.

21.    The Parties to this litigation reserve all rights to apply to the Court for any order modifying this Order, or seeking further protection against discovery or other use of Protected Information or other information, documents, or transcripts.  Nothing contained in this Order shall affect the rights of any party to seek protection against the use of Protected Information that was gained by a party or Third Party by means other than through the discovery process.

22.    Effect Of Order:  This Order shall remain in full force and effect indefinitely until modified, superseded, or terminated by executed written agreement of the Parties or by order of the Court.  This Court shall retain continuing jurisdiction, beyond the conclusion of this

litigation, including, without limitation, during any appeal, over all persons and parties bound by this Stipulated Protected Order to enforce the provisions of this Order pursuant to its contempt powers and with all other powers provided for in this Order.

23.     <u>No Admission:</u>  Nothing contained in this Order shall be construed as an admission or agreement that any document or information, or any testimony relating to such document or information, is or would be subject to discovery or admissible as evidence in this litigation or any other proceeding.

24.     <u>Return Or Destruction Of Protected Information Following Conclusion Of Litigation:</u> Within ninety (90) days after final resolution of this litigation (including resolution of all appellate procedures), all documents or other items constituting or containing Protected Information, and all copies thereof, that are in the possession, custody, or control of any person other than the Producing Party shall either be returned to the Producing Party or destroyed. Within ninety (90) days after the final resolution of this litigation, upon request each Party shall attest to each Producing Party that all documents or other items constituting or containing Protected Information produced in this litigation were returned or destroyed in full. Counsel for all Parties may retain copies of all documents that reflect attorney work product, all documents that have been filed with the Court, deposition and trial transcripts, and all exhibits thereto, interrogatory responses, and responses to requests for admission.

        **IT IS SO ORDERED.**

_____

Hon. Kevin H. Sharp
United States ~~District~~ Judge
Magistrate

Approved for Entry,


s/Joel T. Galanter
Joel T. Galanter (#17990)
Craig L. Meredith (#29506)
Adams and Reese LLP
424 Church Street, Suite 2800
Nashville, Tennessee 37219
(615) 259-1450
(615) 259-1470 – facsimile
joel.galanter@arlaw.com

*Attorneys for Plaintiff Aegis Sciences Corporation*


s/Paul A. Werner w/permission by JTG
Paul A. Werner
Hogan Lovells US LLP
Columbia Square
555 Thirteenth Street, NW
Washington, DC 20004
(202) 637-5600
(202) 637-5910 – facsimile
paul.werner@hoganlovells.com

Robert E. Boston (TN Bar # 9744)
WALLER LANSDEN DORTCH & DAVIS, LLP
511 Union Street, Suite 2700
Nashville, TN 37219
(615) 244-6380
Fax: (615) 244-6804
Email: bob.boston@wallerlaw.com

*Attorneys for Defendant Millennium Laboratories, Inc.*

**EXHIBIT A**

## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF TENNESSEE
### NASHVILLE DIVISION

| | |
|---|---|
| AEGIS SCIENCES CORPORATION,      ) | |
|          ) | |
|     Plaintiff,        ) | |
|          ) | |
| v.          ) | **No.: 3:11-cv-00294** |
|          ) | **JURY DEMAND** |
|          ) | |
| MILLENNIUM LABORATORIES, INC.,      ) | **Judge Kevin H. Sharp** |
|          ) | **Magistrate Judge E. Clifton Knowles** |
|     Defendant.      ) | |

**DECLARATION OF** _____ (Name of Declarant)

I, _____, declare as follows:

1.      My address is _____

_____.

2.      If I am an expert, a copy of my curriculum vitae is attached.

3.      My present employer is _____

_____.

4.      My present occupation or job description is _____

_____.

5.      I have received a copy of the Protective Order entered in these actions on _____

_____.

6.      I have carefully read and understood the provisions of the Protective Order.

7.      I will comply with all of the provisions of the Protective Order.

1

8.     I will hold in confidence, not to disclose to anyone not designated in the Protective Order, and will use only for the purposes of assisting in the resolution of disputes between the Parties to these actions, any information or documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL."

9.     I will return all documents designated as "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" that may come into my possession, and documents or things which I may prepare relating thereto, to counsel for the Party who disclosed or furnished such documents to me promptly upon the request of counsel for all Parties or, if applicable, upon the request of counsel by whom I have been retained, or upon the conclusion of these actions.

10.     I hereby submit to the jurisdiction of this Court for the purposes of enforcement against me of the terms of the Protective Order and of the terms of this Declaration.

11.     I declare under penalty of perjury that the foregoing is true and correct.

Executed on _____ in _____.


_____
(Signature)

2