UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| AEGIS SCIENCES CORPORATION, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:11-cv-00294 |
| v. ) | |
| ) | |
| MILLENNIUM LABORATORIES, INC., ) | JUDGE SHARP |
| ) | MAGISTRATE JUDGE KNOWLES |
| Defendant. ) | |

## MEMORANDUM

Defendant Millennium Laboratories, Inc. ("Millennium" or "Defendant") filed a Motion to Transfer Venue or, in the Alternative, to Dismiss (Docket Entry No. 12), to which Plaintiff Aegis Sciences Corporation ("Aegis" or "Plaintiff") filed a response (Docket Entry No. 23), and Defendant filed a reply (Docket Entry No. 38). Also, Plaintiff has filed a Motion for Oral Argument on Defendant's transfer motion (Docket Entry No. 22), and Defendant has not responded. Finally, Defendant has filed a Motion for Relief from the Case Management Order and Stay of Discovery (Docket Entry No. 30), to which Plaintiff filed a response (Docket Entry No. 36) and Defendant filed a reply (Docket Entry No. 41). For the reasons discussed herein, the Court will grant Defendant's motion to transfer venue and deny the other motions as moot.

## FACTS

Aegis, based in Nashville, Tennessee, and Millennium, based in San Diego, California, compete nationwide in the market for clinical drug screening, including drug testing services for pain management physicians. On January 19, 2011, Millennium sued Aegis in Miami-Dade County Circuit Court in Florida ("Florida action"). Aegis removed the Florida action to the United States District Court for the Southern District of Florida.

1

According to the operative complaint in the Florida action,[1] Aegis allegedly offers physicians illegal kickbacks in the form of "space lease" arrangements in physician offices. These leases allegedly include the placement of personnel, such as specimen collectors and administrative staff, in physician offices. Aegis allegedly provides physicians with requisition forms that result in the ordering of potentially unnecessary tests so Aegis may obtain exorbitant amounts in reimbursement. Aegis also has allegedly made misrepresentations about the significance of certain professional accreditations that Millennium lacks and about Millennium's purportedly illegal business practices. Based on these allegations, Millennium pled causes of action for unfair competition, tortious interference with business relationships, and violations of deceptive and unfair trade practices statutes—each pursuant to the law of Florida, Georgia, and Tennessee. Millennium has also pled causes of action under the Lanham Act for commercial disparagement and false advertising and pursuant to a Florida statute for mistaken advertising.

In its answer and countercomplaint in the Florida action, Aegis denied that its commercial lease arrangements violated any applicable laws and alleged that Millennium's false allegations are intended to defame Aegis. Therefore, Aegis pled counterclaims for unfair competition, violation of the deceptive and unfair trade practices statute, and tortious interference with business relationships—each pursuant to Florida law—and for commercial disparagement pursuant to the Lanham Act.

---

[1] Millennium filed an opposed motion to amend the complaint and was granted leave to amend. This Court's summary of the allegations in the Florida action are taken from the most up-to-date pleadings the parties have provided to this Court from that case: Aegis's Answer to Complaint and Countercomplaint (Docket Entry No. 13-2) and Millennium's First Amended Complaint (Docket Entry No. 20). The Florida action is case number 11-20451-CIV-KING.

Aegis filed the complaint in the present action before this Court on March 29, 2011. According to the complaint, Millennium allegedly offers physicians illegal kickbacks in the form of free staff and services at the physician's office. Millennium allegedly uses prohibited fee arrangements to lease equipment to physician's offices. Millennium has also allegedly engaged in illegal business practices to maximize its reimbursement and incentivize physician referrals of testing. The complaint states that Millennium's alleged misconduct takes place "in Tennessee and in other states." (Docket Entry No. 1 ¶24.) Based on these allegations, Aegis has pled state-law causes of action for intentional interference with existing or prospective business relationships, unfair competition, and violation of the Tennessee Consumer Protection Act; a cause of action under the Lanham Act for false advertising; and a request for a declaratory judgment concerning the unlawfulness of Millennium's business practices and the lawfulness of Aegis's practices.

Millennium then filed the pending motion to transfer this action to the Southern District of Florida.

## ANALYSIS

I.  **Venue Transfer Standard**

"For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C.A. § 1404(a) (2006). The statute confers broad discretion on the district court to determine when transfer is appropriate. *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009) (quoting *Phelps v. McClellan*, 30 F.3d 658, 663 (6th Cir. 1994)). The analysis begins by establishing that the action could be brought in the transferee court. *Hoffman v. Blaski*, 363 U.S.

335, 343-44 (1960); *Cont'l First Fed., Inc. v. Watson Qual. Ford, Inc.*, No. 3:08-0954, 2010 WL 1836808, at *2 (M.D. Tenn. May 6, 2010). Then, within the general criteria set forth in the statute, specific factors to consider include the costs of obtaining willing witnesses, the availability of process to make reluctant witnesses testify, the accessibility of evidence, and the practical problems of trying the case as expeditiously and inexpensively as possible. *Smith v. Kyphon, Inc.*, 578 F. Supp. 2d 954, 962 (M.D. Tenn. 2008). Other relevant public interest concerns include the enforceability of the judgment, practical issues of trial management, docket congestion, the interest in adjudicating local controversies at home, public policies, and the trial judge's knowledge of the applicable state law. *Id.* (citing *Jumara v. State Farm Ins. Co.*, 55 F.3d 873, 879-80 (3d Cir. 1995)). The moving party bears the burden of establishing the need for the change in forum, and the plaintiff's choice of forum receives deference unless the defendant makes the necessary showing. *See Sullivan v. Tribley*, 602 F. Supp. 2d 795, 800 (E.D. Mich. 2009); *Grand Kensington, LLC v. Burger King Corp.*, 71 F. Supp. 2d 834, 836 (E.D. Mich. 2000).

## II.     Transfer of This Action

Millennium successfully establishes that Aegis could have brought this action in the Southern District of Florida. An action "might have been brought" in a transferee court if that court has subject matter jurisdiction, venue would be proper, and the defendant is amenable to process from that court. *See Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 849 (S.D. Ohio 2007). Here, subject matter jurisdiction is properly founded on both federal question and diversity grounds, and, because both parties have already conceded in the Florida action that Florida has personal jurisdiction over them, venue is likewise proper.[2]  *See* 28 U.S.C.A. § 1391(b)-(c) (2006); *Centerville ALF, Inc. v. Balanced Care Corp.*, 197 F. Supp. 2d 1039, 1048

---

[2] Aegis does not contend that the Southern District of Florida is an improper venue.

(S.D. Ohio 2002).  Recognizing that Aegis's choice to litigate in Tennessee is entitled to deference, the Court proceeds to analyze the relevant factors.

The Court begins with the finding that the interest of justice weighs heavily in favor of transfer because transfer will achieve the most efficient adjudication of this dispute.  Millennium and Aegis have both filed lawsuits asserting similar challenges to the other's business practices.  Each company's complaint alleges that the other is engaging in illegal kickbacks and false advertising, to the detriment of its lawfully competing rival.  The causes of action—Lanham Act, unfair competition, interference with business relationships, violation of deceptive practices statutes—overlap significantly.  Given the scope and similarity of the allegations, the most efficient use of attorney and judicial resources is to litigate these suits in a single forum.  Transferring the action will avoid duplicate efforts in both case filings and discovery and prevent inconsistent outcomes on the merits.  *See, e.g., D2L Ltd. v. Blackboard, Inc.*, 671 F. Supp. 2d 768, 783 (D. Md. 2009); *Jaramillo v. DineEquity, Inc.*, 664 F. Supp. 2d 908, 916 (N.D. Ill. 2009); *Houston Trial Reports, Inc. v. LRP Publ'ns, Inc.*, 85 F. Supp. 2d 663, 671-72 (S.D. Tex. 1999).

Aegis overstates the differences between the two cases, particularly in its argument that the Florida action is confined to events within Florida.  The operative complaint in the Florida action repeatedly contends that Aegis's alleged misconduct is taking place in multiple states.[3]  The causes of action pled demonstrate this multi-state focus, as Millennium alleges unfair

---

[3] *See* Docket Entry No. 20, *e.g.*, ¶¶ 17 (alleging "widespread scheme" of unlawful lease arrangements "to gain more referrals from physicians in Florida, Georgia, Tennessee, and in other states"), 20 (describing Aegis's "unlawful kickback arrangements with physician practices throughout the country where it competes with Millennium"), 59 (describing Aegis's "represent[ations] to physicians in Florida, Georgia, Tennessee, and in other states where it competes against Millennium" concerning professional credentials that Millennium lacks), 74 (describing representations in the same geographical areas concerning Millennium's billing practices), and 77 (claiming that "Aegis is engaged in these illegal activities throughout the country, including in Florida, Georgia, and Tennessee").

competition, tortious interference, and violation of unfair trade practices statutes—each pursuant to the law of Florida, Georgia, and Tennessee. By comparison, in the case before this Court, Aegis admits that the issues are "national in scope." (Docket Entry No. 23, at 11.) Therefore, both actions involve misconduct taking place in multiple states. Furthermore, some of the allegations in the two cases are nearly the mirror image of one another. As just one example, in this action, Aegis alleges that Millennium engages in unfair competition through illegal billing methods. In the Florida action, Millennium correspondingly alleges that Aegis engages in unfair competition by making false representations about the illegality of Millennium's billing methods. These competing allegations are most appropriately resolved in the same judicial forum.

Other factors related to the interest of justice weigh in favor of transfer. The Florida action is beginning to make progress, as the Southern District has already entered a scheduling order and the parties have begun discovery and motion practice. Whether the trial judge has the necessary knowledge of state law presents no obstacle here. The district judge in Florida must decide certain questions of Tennessee law already presented in the Florida action, so there is no disadvantage in transferring this case with its own Tennessee causes of action.

Each side has provided the Court with a minimal record on the private factors, *i.e.*, the convenience of parties and witnesses. Aegis points out that it is headquartered in this district, a factor weighing against transfer and entitling its choice of forum to more deference. *See Heinz Kettler GMBH & Co. v. Razor USA, LLC*, 750 F. Supp. 2d 660, 667 (E.D. Va. 2010). While Aegis contends that most of its evidence is located in this district and Millennium claims that most of the evidence is electronically available and thus easily accessible, these assertions are merely conclusory. *See Thomas v. Home Depot, U.S.A., Inc.*, 131 F. Supp. 2d 934, 937 (E.D. Mich. 2001) ("To establish these factors [for transfer of venue], parties should support their

6

assertions with citations to the record; conclusory allegations will not suffice."). The Court does note that, given the nationwide scope of Aegis's allegations, there will inevitably be sources of proof and evidence outside of whatever district that hosts the litigation. The inquiry into the convenience of witnesses focuses primarily on non-party witnesses, since the Court may assume that witnesses within the party's control (such as employees) will appear voluntarily. *See Cosmetic Warriors Ltd. v. Abrahamson*, 723 F. Supp. 2d 1102, 1106 (D. Minn. 2010); *McCaskey v. Cont'l Airlines, Inc.*, 133 F. Supp. 2d 514, 527 (S.D. Tex. 2001). In this case, neither party has pointed out to the Court a non-party witness who would be inconvenienced by transfer.

In summary, the interest of justice weighs heavily in favor of transferring this action because litigation in a single forum conserves resources and avoids inconsistent results. Aside from the fact that Aegis is based in this district and initially filed the action here, Aegis has pointed to no other significant factor warranting the denial of transfer. Where the interest of justice and judicial economy favor transfer and the balance of convenience is essentially in equipoise, the defendant carries its burden on the question of transfer. *See Delta Air Lines, Inc. v. Ass'n of Flight Attendants, CWA*, 720 F. Supp. 2d 213, 219-21 (E.D.N.Y. 2010); *Forrand v. Fed. Express Corp.*, No. C07-4674 TEH, 2008 WL 276389, at *3 (N.D. Cal. Jan. 31, 2008); *cf. Mizell v. Prism Computer Corp.*, 27 F. Supp. 2d 708, 714 (S.D. Miss. 1998) (analysis of interest of justice can be dispositive, even if convenience might point to a different result). Therefore, the Court will transfer this action to the Southern District of Florida, pursuant to the discretionary authority conferred by 28 U.S.C. § 1404(a).[4] Because the Court is granting the motion to transfer, Millennium's motion to stay discovery is rendered moot.

## CONCLUSION

---

[4] Having made its decision pursuant to section 1404(a), the Court does not address Millennium's alternative argument that transfer is appropriate pursuant to the first-to-file doctrine. *See generally Fuller v. Abercrombie & Fitch Stores, Inc.*, 370 F. Supp. 2d 686 (E.D. Tenn. 2005).

7

For all of the reasons stated, Defendant's Motion to Transfer Venue (Docket Entry No. 12) will be granted, and this action will be transferred to the Southern District of Florida. Aegis's Motion for Oral Argument (Docket Entry No. 22) and Millennium's Motion for Relief from the Case Management Order and Stay of Discovery (Docket Entry No. 30) will be denied as moot.

An appropriate Order shall be entered.

*/s/ Kevin H. Sharp*
KEVIN H. SHARP
UNITED STATES DISTRICT JUDGE